UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BANK OF NORTH CAROLINA, formerly doing business as Beach First National Bank, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) |
| MOTOR YACHT "SEA HUNT" (Official Number 939115), her engines, bowspirit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories hereunto appertaining and belonging to her, in rem; | ) ) ) ) ) ) ) ) |
| Defendant. | ) ) |

Civil Action No.: 4:12-cv-0893-TLW-TER

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

This is an Admiralty action. Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 21). Defendant has not made an appearance in this action and, consequently, no Response has been filed to the Motion. The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.     FACTUAL AND PROCEDURAL HISTORY**

This matter involves foreclosure of a preferred ship mortgage granted to Plaintiff on the motor yacht "SEA HUNT," Official Number 939115 ( the Vessel). See Foster Affidavit (Ex. 1 to Pl. Motion). On or about December 28, 2004, in consideration of a loan of money, LCM Investments, LLC executed a Note in which it promised to pay the Plaintiff the principal sum of Two Hundred Eighty-Four Thousand One Hundred Fifty and 00/100 ($284,150.00) Dollars, with interest. See December 28, 2004, Note (Ex. 2 to Pl. Motion). The Note was to be repaid in five (5) monthly interest payments and one (1) balloon payment. Id. On or about March 24, 2008, in consideration

-2-

of a loan of money, the Borrower executed a second Note modifying the terms and conditions of the December 28, 2004 Note. See March 24, 2008, Note (Ex. 3 to Pl. Motion). The second Note was to be repaid in eleven (11) quarterly payments and one (1) balloon payment on March 24, 2011. The Notes provide, among other things, that LCM Investments, LLC is in default if it does not pay the full amount when it is due. Id. The Notes further provide that the holder of the Notes will have the right to be reimbursed for all costs and expenses in enforcing the Notes, including reasonable attorney's fees and collection costs. Id.

On or about December 29, 2004, to secure funding of the Notes, Larry E. Lynn, a member of LCM Investments, LLC, executed a First Preferred Ship Mortgage on Vessel in which it granted a First Preferred Ship Mortgage on the Vessel to Beach First National Bank. See Mortgage (Ex. 4 to Pl. Motion). Plaintiff has fully performed its obligations under the Notes and the Mortgage, by, among other things, funding and delivering the proceeds of the aforementioned loan to the Borrower. The Borrower has failed to make timely payments as required by the Notes and Mortgage and is in default under the terms and conditions of the Notes and those of the Mortgage. Id.

Plaintiff paid the U.S. Marshal Service the sum of Five Thousand and 00/100 ($5,000.00) Dollars to arrest and sell the Vessel. Id. The U.S. Marshal Service refunded One Thousand Five Hundred Thirty and 60/100 ($1,530.60) Dollars to Plaintiff. See Refund (Ex. 5 to Pl. Motion). An additional Three Hundred Fifty and xx/100 ($350.00) Dollars was paid to file this civil action and Fifteen Thousand Five Hundred Forty-Four and 52/100 (15,544.52) Dollars have been paid in attorney's fees and collection costs as of March 28, 2013. The Fifteen Thousand Five Hundred Forty-Four and 52/100 (15,544.52) Dollar figure includes attorney's fees incurred as of December 20, 2012. Id.

M/Y SEA HUNT was arrested on April 13, 2012, when the United States Marshal for this

district arrested M/Y SEA HUNT, pursuant to this Court's order dated April 3, 2012. See U.S. Marshal Form 285 (Ex. 6 to Pl. Motion). On April 20, 2012, a copy of the Verified Complaint was served on Larry E. Lynn, member of LCM Investments, LLC. See Domestic Return Receipt (Ex. 7 to Pl. Motion). On March 20, 2012, Larry E. Lynn executed a Statement Under Penalty acknowledging the debt owed to Plaintiff, does not have the ability to re-pay the debt in any foreseeable time frame, and does not have the necessary income to service the debt owed to Plaintiff. See Statement Under Penalty of Larry E. Lynn (Ex. 8 to Pl. Motion).

On May 18, 2012, the court entered an Order (Document # 14) granting Plaintiff's Motion for Interlocutory Sale, directing that the U.S. Marshal sell M/Y SEA HUNT at public auction. On June 13, 2012, the U.S. Marshal filed a Report of Sale (Document # 15), indicating that the U.S. Marshals Service sold the M/Y SEA HUNT at a U.S. Marshals Service Sale to Plaintiff for $55,000 on June 6, 2012. The Report confirmed that there was more than one bidder at the sale and Plaintiff was the highest bidder.

On June 22, 2012, the court entered an Order Confirming Interlocutory Sale (Document # 18), in which it confirmed that M/Y SEA HUNT was sold to Plaintiff free and clear of any and all liens and encumbrances, directed the U.S. Marshals Service to prepare and deliver to Plaintiff a Bill of Sale, relieved the substitute custodian, released M/Y SEA HUNT from arrest and the custody of the U.S. Marshals Service and turned possession of M/Y SEA HUNT over to Plaintiff.

On March 20, 2013, M/Y SEA HUNT was sold by Plaintiff to a third party. Plaintiff received $45,000.00 Dollars from the sale. See Bill of Sale and Closing Statement (Ex. 10 to Pl. Motion).

**III.   DISCUSSION**

Congress enacted the Ship Mortgage Act, 46 U.S.C. §31322, et. seq., that provides for a "preferred ship mortgage" that creates a maritime lien against a mortgaged vessel. 46 U.S.C. §31322,

31325. It is well settled that a party in the event of a default may enforce its maritime lien by arresting a vessel and her appurtenances. 46 U.S.C. §31325(b)(1); <u>Merchants National Bank of Mobile v. Dredge General G.L. Gillespie</u>, 663 F.2d 1338, 1992 AMC 1 (5th Cir. 1981); <u>Chase Manhattan Financial Services, Inc. v. McMillian</u>, 896 F.2d 452 (10th Cir. 1990); <u>Pee Dee State Bank v. Wild Turkey</u>, 1992 AMC 1896 (D.S.C. 1991); The holder of a preferred ship mortgage has a lien against a vessel that is subject to the mortgage. <u>Pee Dee State Bank v. F/V Wild Turkey</u>, 1991 WL 355221, 1992 A.M.C. 1896 (D.S.C 1991).

In its Complaint, Plaintiff asserts one cause of action for a Ship Mortgage Foreclosure. As requested, M/Y SEA HUNT was arrested by the U.S. Marshals Service and sold by Order of this court in a U.S. Marshals Service public auction. The sale of M/Y SEA HUNT to Plaintiff was confirmed by Order of this court. Plaintiff subsequently sold M/Y SEA HUNT to a third party. Pursuant to 46 U.S.C. § 31326(a), "when a vessel is sold by order of a district court in a civil action in rem brought to enforce a preferred mortgage lien or a maritime lien, any claim in the vessel existing on the date of sale is terminated, including a possessory common law lien or which a person is deprived under section 31325(e)(2) of this title, and the vessel is sold free of all those claims."

Because M/Y SEA HUNT has been sold and the sale has been confirmed by this court, no further relief is available to Plaintiff against M/Y SEA HUNT and the Motion for Default Judgment should be denied.

Subsection (b) of 46 U.S.C. § 31326 provides that each of the claims terminated under subsection (a) attach in the same amount and in accordance with their priorities to the proceeds of the sale. Because Plaintiff's lien was not completely satisfied by the sale of M/Y SEA HUNT and,

to the extent the additional relief[1] sought by Plaintiff amounts to a claim against M/Y SEA HUNT as contemplated by § 31326, the claims have transferred from M/Y SEA HUNT to the proceeds of the sale. Because no other liens have been asserted against M/Y SEA HUNT, Plaintiff is entitled to judgment against the proceeds of the sale.[2]

Finally, no other Defendants have been named in this action, and thus, it is recommended that the case be dismissed.[3]

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 21) be denied, that judgment be entered for Plaintiff against the proceeds of the sale, and that this case be dismissed.

       s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 6, 2014
Florence, South Carolina

---

[1] In its prayer for relief, in addition to satisfaction of the maritime lien, Plaintiff also seeks compensatory and general damages, accrued interest and late charges, reasonable attorney's fees, custodia legis expenses, additional pre-judgment interest, costs of collection and costs of the action.

[2] It does not appear that the proceeds of the sale were actually deposited into the court's registry.

[3] The undersigned notes that 46 U.S.C. § 31325(b) permits "the mortgagee to bring suit in personam against the mortgagor before the Admiralty for any deficiency that the sale price of the vessel bears to the indebtedness which it secures." Nat G. Harrison Overseas Corp. v. American Barge Sun Coaster, 475 F.2d 504, 506 (5th Cir. 1973) (noting that the Ship Mortgage Act "provides a comprehensive scheme for the foreclosure of preferred ship's mortgages and any remaining deficiency judgments against the debtor personally").